UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAEVON MARKELL TURNER,

          Plaintiff,

   v.

JASON W. HEUER, et al,

          Defendant.

Case No. C21-1033-BHS-MLP

REPORT AND RECOMMENDATION

Plaintiff Daevon Markell Turner, proceeding *pro se*, is incarcerated at the Monroe Correctional Center in Monroe, Washington. Plaintiff has filed an amended proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. # 10.) Plaintiff alleges First Amendment violations, due process violations, and retaliation. (*Id.*) Plaintiff names Custody Unit Supervisor ("CUS") Frank Kirby, Corrections Officer ("CO") Brandi Peterson, and Corrections Counselor ("CC") 2 Cindy Kline-Swan as Defendants. (*Id.* at 3.)

This Court previously declined to serve Plaintiff's initial proposed complaint, and granted him leave to amend, because Plaintiff (1) alleged harassment by Sergeant ("Sgt.") Jason Heuer that did not implicate federal constitutional concerns, (2) alleged protocol violations by CO Peterson that did not appear to implicate Eighth Amendment concerns, (3) alleged retaliation by

REPORT AND RECOMMENDATION - 1

1   CUS Kirby without alleging any chilling of his First Amendment rights, and (4) moved to add
2   CC Kline-Swan as a defendant without stating a viable constitutional claim. (Dkt. # 8.)
3       In the amended proposed complaint, Plaintiff abandons claims against Sgt. Heuer. He
4   adds little to the remaining claims except to allege that Defendants "chilled" his First
5   Amendment rights (dkt. # 10 at 7) and to state that "the law" prohibited CUS Kirby's role as a
6   confidential informant because he was directly involved in the incident for which Plaintiff was
7   disciplined (dkt. # 10 at 5, dkt. # 10-3 at 2).
8       Plaintiff fails to allege any facts showing his First Amendment rights were chilled. As
9   noted in the Court's previous order declining to serve his complaint, "in fact, it appears he is still
10  pursuing his claims against Sgt. Heuer." (Dkt. # 8 at 7.) Plaintiff's amended complaint fails to
11  assert a cognizable retaliation claim.
12      Plaintiff also fails to show that irregularities in a disciplinary procedure, resulting in
13  termination of his scheduled work release and reassignment to administrative segregation, rise to
14  the level of a constitutional violation. As noted in the Court's previous order, "Plaintiff has no
15  protected liberty interest in his classification status or in being confined to a particular
16  institution." (Dkt. # 8 at 7.) *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) ("Conner's
17  discipline in segregated confinement did not present the type of atypical, significant deprivation
18  in which a State might conceivably create a liberty interest."). And there is no protected due
19  process interest in work release. *Cf. Moody v. Daggett*, 429 U.S. 78, 88 (1976) ("no due process
20  protections were required upon . . . prisoner classification and eligibility for rehabilitative
21  programs"). Plaintiff's amended complaint fails to state a viable due process claim.
22      Plaintiff's amended complaint fails to cure the deficiencies of the original proposed
23  complaint or to state a cognizable constitutional claim. The Court therefore recommends that this

REPORT AND RECOMMENDATION - 2

1 case be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 29, 2021**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Benjamin H. Settle.

Dated this 6th day of October, 2021.

                                             _____
                                             MICHELLE L. PETERSON
                                             United States Magistrate Judge

REPORT AND RECOMMENDATION - 3